PROB 12C
(7/93)

# United States District Court

## for

## District of New Jersey

## Petition for Warrant or Summons for Offender Under Supervision

**Name of Offender:** Scott Riker  **Docket Number:** 09-00788-001
 **PACTS Number:** 56251

**Name of Sentencing Judicial Officer:** HONORABLE STANLEY R. CHESLER
UNITED STATES DISTRICT JUDGE

**Date of Original Sentence:** 05/03/10

**Original Offense:** Frauds and Swindles - Mail Fraud

**Original Sentence:** 30 months imprisonment; 3 years supervised release; $100 special assessment.

**Type of Supervision:** Supervised Release  **Date Supervision Commenced:** 08/26/12

**Assistant U.S. Attorney:** Lorraine Gerson, 970 Broad Street, Room 502, Newark, New Jersey 07102, (973) 645-2700

**Defense Attorney:** James S. Friedman, Esq., Robert Treat Center, 50 Park Place, Suite 1400, P.O. Box 32009, Newark, New Jersey, 07102, (973) 735-5277

## PETITIONING THE COURT

[ ] To issue a warrant
[X] To issue a summons

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation Number | Nature of Noncompliance |
|---|---|
| 1 | The offender has violated the special supervision condition which states 'As a further special condition of supervised release, the defendant is to refrain from holding any employment which includes any type of direct money management, or accounting-related responsibilities, supervised or otherwise, during the term of supervised release.' |
| | From September 17, 2012, to September 19, 2012, Riker was employed as an assistant controller at Ronpak, Inc., a company located at 4301 New Brunswick Avenue, South Plainfield, New Jersey. As verified by Suzanne Opacity, the human resources personnel specialist at the company, Riker had "..access to [their] banking information and check images in the course of account reconciliation..." As a result, Riker had "...the opportunity to steal or embezzle funds..." Opacity added that they have not found any discrepancies, but are "closely monitoring [their] bank transactions." |

Riker was fired when the company received the results of his criminal background. It is noted that when questioned by company officials, prior to receiving the background check, Riker claimed to have only a traffic violation.

2   The offender has violated the standard supervision condition which states '**You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**'

Riker repeatedly lied to the probation officer regarding the position he held at Ronpak, Inc. Specifically, in several email exchanges, Riker claimed that he was hired as an "Inventory Plant Specialist" for which he provided a job description. In an email dated September 19, 2012, in which Riker discusses the termination from Ronpak, Inc., he states "Well I lost the job today, they did a background check and I was 100% honest and they said they based on my past I could not work there. I said I have changed my life and did the time and I am not handling money or any accounting functions they said it did not matter. I was let go at 4:30 today."

In fact, on September 10, 2012, Riker executed his signature on an acceptance letter for the assistant controller position. When confronted with this, Riker stated that he "did not read the acceptance letter."

3   The offender has violated the standard supervision condition which states '**You shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer.**'

At the initial meeting with the probation officer on August 16, 2012, and again on October 9, 2012, the offender was directed to include only accurate information regarding his employment and educational history on his resume and professional network websites such as LinkedIn. Despite this direction, the offender continues to maintain fabricated information regarding his employment history on his resume. Specifically, on such websites as scottfriker.net, scottfriker.com, aboutscottfriker.com and others, Riker claims that he is a graduate of Seton Hall University and that he worked for DDB Contractors in Newton, New Jersey. In fact, Riker admitted that he never attended and/or graduated from Seton Hall University. Further, the owner of the now defunct company is owned by an individual under our supervision, who confirmed that Riker never worked for him.

PROB 12C - Page 3
Scott Riker

4      The offender has violated the special supervision condition which states '**You are prohibited from incurring any new credit charges, opening additional lines of credit, or incurring any new monetary loan, obligation, or debt, by whatever name known, without the approval of the U.S. Probation Office. You shall not encumber or liquidate interest in any assets unless it is in direct service of the fine and/or restitution obligation or otherwise has the expressed approval of the Court.**'

According to a credit report obtained on October 9, 2012, Riker established an individual Chase credit card account in June 2012 (while still at the halfway house). As confirmed by a statement with a closing date of September 17, 2012, Riker made purchases totaling $1,086.97 between August 22, 2012, and September 13, 2012.

I declare under penalty of perjury that the foregoing is true and correct.

By: Denise Morales
U.S. Probation Officer
Date: 11/13/12 *KSM*

---

THE COURT ORDERS:

[ ] The Issuance of a Warrant
[✓] The Issuance of a Summons. Date of Hearing: 11/28/2012 @ 10:00
[ ] No Action
[ ] Other

Signature of Judicial Officer

11/19/2012
Date